## STATE v. DOROTHY HEATH CAULEY.

(Filed 27 March, 1957.)

APPEAL by defendant from *Parker, J.,* at December 1956 Term, of LENOIR.

Criminal prosecution upon a bill of indictment containing two counts —the second being that upon which defendant now stands convicted. It charges "That Dorothy Heath Cauley, late of Lenoir County, on the 27th day of June A. D. 1956, at and in said County, did wilfully and unlawfully assault Dorothy Diane Heath, a female child about three years of age, with a deadly weapon, to-wit: a heavy leather belt strap with a metal buckle thereon, resulting in serious injury to said child, in that she, the said Dorothy Heath Cauley, was present encouraging, assisting, aiding and abetting William David Cauley, a male person over 18 years of age, in perpetrating such assault upon a female, resulting in serious injury, and in that she, said Dorothy Heath Cauley, rendered personal assistance to him, the said William David Cauley, to aid him in concealing such assault on said child and in escaping arrest and punishment therefor,"—it being made to appear that Dorothy Diane Heath is child of defendant, and that William David Cauley is husband of defendant.

Upon a former trial the jury found this defendant guilty on the second count in the indictment against her, and said nothing as to the first count. That this Court held in former appeal, 244 N.C. 701, 94 S.E. 2d 915, was equivalent to a verdict of not guilty as to the first count, citing *S. v. Choate,* 228 N.C. 491, 46 S.E. 2d 476. On such former appeal error was found in the charge,—the Court saying that "when a wife commits a crime like the offense charged in the present case in the presence of her husband, there is a rebuttable presumption that she

acted under his constraint, and that before the jury could convict the wife, the State must carry the burden of proof of rebutting this presumption and of satisfying the jury beyond a reasonable doubt from the evidence that the wife in such case was acting of her own free will and volition and free from any constraint upon the part of her husband in committing the crime." In accordance therewith a new trial was ordered and subsequently had.

The jury returned a verdict of guilty. Thereupon the court entered judgment that defendant be confined in quarters provided for women by the State Highway and Public Works Commission (G.S. 148-27) for a period of two years.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Jones, Reed & Griffin for Defendant Appellant.*

PER CURIAM. Defendant appellant presents foremost assignment of error based upon exception to denial of her motion for judgment as of nonsuit. But, in this connection, the evidence offered taken in the light most favorable to the State is sufficient to support the verdict rendered. And since the charge of the court is not set forth in the record of case on appeal, it is presumed that the trial judge correctly instructed the jury. Indeed there is no exception to the charge.

And while the case on appeal contains three hundred and sixty-four other exceptions taken in the course of the trial in Superior Court, error for which the judgment below should be disturbed is not made to appear.

Hence there is

No error.